IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL PEARCE, ) <br> CAROLE LIVINGSTONE and ) <br> ANNAMAY MANNY, ) <br>                   ) <br>         Plaintiffs, ) <br>                   ) <br>    v.             ) <br>                   ) <br> CHICAGO POLICE OFFICERS PATRICK M. ) <br> THIRY, STAR NO. 17026, JOHNNY BROWN, ) <br> STAR NO. 11990, KERRY POZULP, ) <br> STAR NO. 17342, and DOMINICK DORIS, ) <br> STAR NO. 21202 Individually and as ) <br> Employee/Agents of the CITY OF CHICAGO, ) <br>  a municipal Corporation, ) <br>                   ) <br>         Defendants. ) | FILED:   AUGUST 7, 2008 <br>          08CV4483 <br>          JUDGE CONLON <br>          MAGISTRATE JUDGE ASHMAN <br>          NF <br> No.: <br> <br> JURY DEMAND |

**COMPLAINT AT LAW**

NOW COME, Plaintiffs, MICHAEL PEARCE, CAROLE LIVINGSTONE and ANNAMAY MANNY, by and through their attorney, THE LAW OFFICES OF JEFFREY J. NESLUND, and in complaining of the Defendants, CHICAGO POLICE OFFICERS PATRICK M. THIRY, STAR NO. 17026, JOHNNY BROWN, STAR NO. 11990, KERRY POZULP, STAR NO. 17342 and DOMINICK DORIS, STAR NO. 21202, state as follows:

**INTRODUCTION**

1. This is an action for civil damages brought pursuant to 42 U.S.C. Sec. 1983 for the deprivation of plaintiff's constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331 and 1343.

2.       Venue in this district is proper pursuant to 28 U.S.C sec. 1391 (b), because the facts which give rise to the claims asserted herein occurred in the Northern District of Illinois.

3.       Plaintiffs, MICHAEL PEARCE, CAROLE LIVINGSTONE and ANNAMAY MANNY, are individuals who at all times relevant hereto were living in the Northern District of Illinois.

4.       Defendants, CHICAGO POLICE OFFICERS PATRICK M. THIRY, STAR NO. 17026, JOHNNY BROWN, STAR NO. 11990, KERRY POZULP, STAR NO. 17342 and DETECTIVE DOMINICK DORIS, STAR NO. 21202, were at all times material hereto, duly appointed Chicago Police Officers employed by the City of Chicago acting in the capacity of sworn law enforcement officials.

## FACTUAL SUMMARY

### A.  ILLEGAL ARREST AND DETENTION OF MICHAEL PEARCE

5.       On August 7, 2007, at approximately 7:30 p.m. DEFENDANT OFFICERS THIRY, BROWN and POZULP detained and handcuffed the plaintiff MICHAEL PEARCE at approximately 5748 W. 64th Street, Chicago, Illinois.

6.       On the above date and location, DEFENDANT OFFICERS THIRY, BROWN and POZULP detained and searched the plaintiff PEARCE without legal justification.

7.       Plaintiff PEARCE was arrested and charged with a misdemeanor offense of reckless conduct by DEFENDANT OFFICERS THIRY, BROWN and POZULP, notwithstanding the fact that PEARCE had not committed any act contrary to the laws of the State of Illinois.  Further, DEFENDANT OFFICERS THIRY, BROWN and POZULP, failed to witness the plaintiff, MICHAEL PEARCE, commit any illegal act of any sort.

8.       DEFENDANT OFFICERS THIRY, BROWN and POZULP transported plaintiff PEARCE to the 2nd District Chicago Police Station.

9. DEFENDANT OFFICERS THIRY, BROWN and POZULP threatened plaintiff PEARCE that he would be locked up without bail unless he identified a source of cannabis.

10. As a result of the unlawful arrest by DEFENDANT OFFICERS THIRY, BROWN and POZULP and threats of incarceration, plaintiff PEARCE identified an individual he knew by the nickname of "Hitman" as a source of cannabis.

11. Plaintiff PEARCE told DEFENDANT OFFICERS THIRY, BROWN and POZULP that he knew the general location where he had bought marijuana from "Hitman" in the past. However, PEARCE informed the DEFENDANT OFFICERS that he had not purchased marijuana from "Hitman" in the past three to four months.

12. Plaintiff PEARCE, under duress and threats of extended incarceration, identified a gang way between two houses on the 3800 block of west 78th Place in Chicago to DEFENDANT OFFICERS THIRY, BROWN and POZULP as the location where he had purchased marijuana three to four months ago from the person he knew as "Hitman."

**B.   SEARCH WARRANT NUMBER  07SW6087**

13. On August 8, 2007, shortly after midnight, DEFENDANT OFFICER THIRY faxed a complaint for search warrant to the Cook County State's Attorneys' Office for an individual named Rudy Cantu a.k.a "Hitman' with an address of 3829 W. 84th Place in Chicago. The search warrant was assigned number 07SW6087 by the Cook County State's Attorneys' Office.

14. In the complaint for search warrant, DEFENDANT THIRY made false statements including that he was "approached by a cooperating individual" who wished to give information on a narcotics dealer.  DEFENADNT THIRY never informed the Cook County State's Attorneys' Office that he had in fact arrested and charged plaintiff PEARCE with a crime and that he had been in police custody since 7:30 p.m. on August 7, 2007.

15. DEFENDANT THIRY knowingly made false statements in the complaint for search warranty that the "cooperating individual" purchased cannabis from Rudy Cantu on August 6, 2007 from a single family residence located at 3829 W. 84th Place in Chicago. DEFENDANT THIRY also falsely stated in the complaint for search warrant that the "cooperating individual" had purchased cannabis from Rudy Cantu approximately 30 times over the past three months at 3829 W. 84th Place.

16. After obtaining approval for the search warrant for a single family residence located at 3829 W. 84th Place from the Cook County State's Attorneys' Office, knowing the contents of the complaint for search warrant to be false, DEFENDANT OFFICERS THIRY, BROWN and POZULP took plaintiff PEARCE out of the 2nd District lock up and before a Judge for the Circuit Court of Cook County to get judicial approval for the search warrant.

17. DEFENDANT OFFICERS THIRY, BROWN and POZULP threatened plaintiff PEARCE that if he wanted to get out of jail to do as they say and tell the judge that everything in the search warrant was true. DEFENDANT OFFICERS THIRY, BROWN and POZULP never showed the search warrant or read the contents of the search warrant to plaintiff PEARCE.

18. Based on the false representations by DEFENDANT OFFICERS THIRY, BROWN and POZULP and the false statements contained within the complaint for the search warrant, the Cook County Judge signed search warrant 07SW6087. DEFENDANT OFFICERS THIRY, BROWN and POZULP never informed the Judge that plaintiff PEARCE had been arrested, charged with a crime or had been in police custody since 7:30 p.m. on August 7, 2007.

19. The DEFENDANT OFFICERS THIRY, BROWN and POZULP then placed plaintiff PEARCE back in the 2nd District lockup.

**C.    SEARCH WARRANT NUMBER TWO :07SW6095**

20.    On August 8, 2007, at approximately 2:20 p.m. DEFENADNT OFFICER THIRY faxed over a second search warrant to the Cook County State's Attorneys' Office. This search warrant was assigned number 07SW6095 by the Cook County State's Attorneys' Office.

21.    The second search warrant by DEFENDANT OFFICER THIRY contained the exact same false statements as the first search warrant 07SW6087. DEFENDANT OFFICER THIRY's second complaint for search warrant now claimed that Rudy Cantu, a/k/a "Hitman," resides at a single family residence located at 3844 W. 78th Place in Chicago.

22.    The second complaint for search warrant by DEFENDANT OFFICER THIRY falsely claimed that he was approached by a "cooperating individual" who purchased cannabis from Rudy Cantu approximately 30 times in the past three months from the residence located at 3844 W. 78th Place in Chicago.

23.    DEFENDANT OFFICER THIRY never informed Cook County State's Attorney that he had requested approval for a search warrant for the same individual approximately 14 hours earlier; nor did DEFENDANT OFFICER THIRY inform the State's Attorney that plaintiff PEARCE, the "cooperating individual," had been arrested, charged with a crime and in police custody for almost 24 hours.

24.    On August 8, 2007, at approximately 2:42 p.m., DEFENDANT OFFICER POZULP took plaintiff PEARCE out of the 2nd District lock up and along with DEFENDANT OFFICERS THIRY and BROWN transported PEARCE to Skokie, Illinois, where he was presented to Cook County Circuit Court Judge William O'Malley as the "cooperating individual."

25.    The DEFENDANT OFFICERS never showed the second search warrant, 07SW6095, nor read its contents to the plaintiff PEARCE before he was presented to Judge O'Malley as the "cooperating individual."

5

26. The DEFENDANT OFFICERS threatened the plaintiff PEARCE that if he wanted to get out of jail he should do what they say and tell Judge O'Malley that the contents of search warrant number two 07SW6095 were true.

27. As a result of the false statements in the complaint for search warrant and threats to plaintiff PEARCE, the DEFENDANT OFFICERS obtained judicial approval for search warrant 07SW6095 and returned plaintiff PEARCE to the 2nd District lock up at approximately 4:25 p.m. on August 8, 2007.

C. **EXECUTION OF SEARCH WARRANT AT CHICAGO POLICE DETECTIVE'S GRANDMOTHER'S HOUSE**

28. On August 8, 2007 at approximately 7:30 p.m. DEFENDANT OFFICERS THIRY, BROWN, POZULP and other Chicago Police Officers executed search warrant number 07SW6095 at the residence located at 3844 W. 78th Place in Chicago.

29. Plaintiff, CAROLE LIVINGSTONE, (56) and her mother, plaintiff, ANNAMAY MANNY (83) have resided at 3844 W. 78th Place for over 30 years.

30. On August 8, 2007,Plaintiff, LIVINGSTONE, was sleeping on her couch and plaintiff MANNY had gone to her bedroom for the evening when the DEFENDANT OFFICERS kicked in the front door with their guns drawn and yelling for everyone to get down on the floor.

31. Plaintiff, LIVINGSTONE demanded to see a copy of the search warrant but was told by one of the DEFENDANT OFFICERS that she would not get the search warrant until she took her dog out of the house.

32. Plaintiff, LIVINGSTONE, told the DEFENDANT OFFICERS that her son was a Chicago police detective and picked up the phone to call him. One of the DEFENDANT OFFICERS told her "you're not calling anyone."

6

33. The DEFENDANT OFFICERS and other Chicago police officers were in plaintiffs' LIVINGSTONE and MANNY'S home for approximately one and one-half to two hours until plaintiff, MANNY'S, grandson, a Chicago police detective, arrived on the scene and the search was called off.

34. As a direct and proximate result of the misconduct by DEFENDANT OFFICERS THIRY, BROWN AND POZULP outlined above and false statements contained in the search warrant 07SW6095, plaintiffs LIVINGSTONE and MANNY suffered physical and emotional injuries and were transported to Christ Hospital & Medical Center in Oak Lawn, Illinois following the execution of the search warrant at their home.

### D. DEFENDANTS CHARGE PLAINTIFF PEARCE WITH PERJURY

35. In an attempt to cover up their own misconduct in acquiring the search warrants and falsely arresting plaintiff, PEARCE, DEFENDANT OFFICERS THIRY, BROWN AND POZULP conspired to make false statements and false police reports.

36. On August 23, 2007, DEFENDANT OFFICERS THIRY, BROWN AND POZULP arrested plaintiff PEARCE at his home and sought criminal charges for the felony offense of perjury.

37. DEFENDANT DETECTIVE DORIS interviewed plaintiff PEARCE and made false statements in police reports and provided false and misleading testimony to a Cook County Grand Jury in order to secure a Grand Jury indictment against plaintiff PEARCE for the felony offense of perjury.

38. The DEFENDANT OFFICERS conspired to injure plaintiff PEARCE by :

    (a) agreeing to falsely arrest and falsely institute criminal charges and

7

proceedings against the plaintiff for the felony offense of perjury on August 23, 2007;

(b) agree not to report to each after witnessing the plaintiff being falsely arrested and charged with reckless conduct on August 7, 2007;

(c) generating false documentation and reports and making false statements to cover up their own and each other's misconduct in alleging false justification to support the false arrests and charges of reckless conduct on August 7, 2007 and perjury on August 23, 2007 against the plaintiff PEARCE;

(d.) generating false search warrant complaints, threatening the plaintiff PEARCE with incarceration and making false statements in order to secure judicial approval for search warrants 07SW6087 and 07SW6095.

39. As a direct and proximately result of the one of the aforesaid said actions or omission by the DEFENDANT OFFICERS, plaintiff PEARCE was caused to suffer serious and permanent personal injury as well as emotional and physical pain and suffering now and in the future.

## COUNT I
## 42 U.S.C. § 1983: False Arrest/Unlawful Detention
**(Plaintiff PEARCE – August 7, 2007)**

40. Plaintiff re-alleges and incorporates paragraphs 1-39 as fully stated herein.

41. As described above, DEFENDANT OFFICERS falsely arrested and unlawfully detained Plaintiff PEARCE without justification and without probable cause on August 7, 2007.

42. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and specifically, the rights of the plaintiff.

8

43. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff PEARCE suffered damages, including but not limited to mental distress and anguish.

## COUNT II
### 42 U.S.C. § 1983: False Arrest/Unlawful Detention
### (Plaintiff PEARCE – August 23, 2007)

45. Plaintiff re-alleges and incorporates paragraphs 1-39 as fully stated herein.

46. As described above, DEFENDANT OFFICERS falsely arrested and unlawfully detained Plaintiff PEARCE without justification and without probable cause on August 23, 2007.

47. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and specifically, the rights of the plaintiff PEARCE.

48. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff PEARCE suffered damages, including but not limited to mental distress and anguish.

## COUNT III
### 42 U.S.C. § 1983: False Arrest/Unlawful Detention
### (Plaintiffs LIVINGSTONE and MANNY – August 8, 2007)

49. Plaintiffs re-alleges and incorporates paragraphs 1-39 as fully stated herein.

50. As described above, DEFENDANT OFFICERS unlawfully detained Plaintiffs LIVINGSTONE and MANNY without justification and without probable cause on August 8, 2007.

51. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and specifically, the rights of the plaintiffs.

52. As a result of the above-described wrongful infringement of Plaintiffs' rights, Plaintiffs LIVINGSTONE and MANNY suffered damages, including but not limited to mental distress and anguish.

## COUNT IV
### Section 1983 Conspiracy Claim
### (All Plaintiffs)

53. Plaintiffs re-alleges and incorporates paragraphs 1-39 above as fully stated herein.

54. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, the Fourth Amendment and Fourteenth Amendment.

55. The conduct described in this Count was undertaken by the DEFENDANT OFFICERS under the color of law and within the scope of their employment such that their employer, the City of Chicago, is liable for their actions.

## COUNT V
### Section 1983 Unlawful Seizure of Property
### (Plaintiffs, LIVINGSTONE and MANNY)

56. Plaintiffs re-alleges and incorporates paragraphs 1-39 above as fully stated herein.

57. DEFENDANT OFFICERS seized and/or destroyed the plaintiffs LIVINGSTONE and MANNY'S property without justification.

58. The aforementioned acts of the DEFENDANT OFFICERS were a direct and proximate cause of the violations of the United States Constitution, in the Fourth Amendment.

## COUNT VI

### State Law Claim – Intentional Infliction of Emotional Distress

### ( All Plaintiffs)

59.     Plaintiffs realigns the foregoing paragraphs as if fully stated herein.

60.     The acts and conduct of DEFENDANT OFFICERS as set forth above were extreme and outrageous.  DEFENDANT OFFICERS intended to cause, or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to plaintiffs, PEARCE, LIVINGSTONE and MANNY.

61.     DEFENDANT OFFICERS' actions and conduct did directly and proximately cause a severe emotional distress to plaintiffs, PEARCE, LIVINGSTONE and MANNY and thereby constituted intentional infliction of emotional distress.

62.     The misconduct described in this County was undertaken with malice, willfulness, and reckless indifference to the rights of plaintiffs, PEARCE, LIVINGSTONE and MANNY.

63.     The misconduct described in this Count was undertaken by the DEFENDANT OFFICERS within the scope of their employment such that their employer, CITY OF CHICAGO, is liable for their actions.

## COUNT VII

### State Law Claim – False Imprisonment
### (Plaintiff PEARCE- August 7, 2007)

64.     Plaintiff re-alleges and incorporates paragraphs 1-39 above as fully stated herein.

65.     At the time plaintiff PEARCE was locked up, imprisoned and detained on August 7, 2007, DEFENDANT OFFICERS THIRY, BROWN AND POZULP knew that they

lacked reasonable grounds to believe that Plaintiff PEARCE committed any crime.

66. The conduct of DEFENDANT OFFICERS THIRY, BROWN AND POZULP described above was willful and wanton.

67. As a direct and proximate result of the false imprisonment, Plaintiff PEARCE has suffered and continues to suffer injuries, including physical and emotional suffering and humiliation, lost wages, and injury to reputation.

**COUNT VIII**
**State Law Claim – False Imprisonment**
**(Plaintiff PEARCE- August 23, 2007)**

68. Plaintiff re-alleges and incorporates paragraphs 1-39 above as fully stated herein.

69. At the time plaintiff PEARCE was locked up, imprisoned and detained on August 23, 2007, DEFENDANT OFFICERS THIRY, BROWN , POZULP and DORIS knew that they lacked reasonable grounds to believe that Plaintiff PEARCE committed any crime.

70. The conduct of DEFENDANT OFFICERS THIRY, BROWN , POZULP and DORIS described above was willful and wanton.

71. As a direct and proximate result of the false imprisonment, Plaintiff PEARCE has suffered and continues to suffer injuries, including physical and emotional suffering and humiliation, lost wages, and injury to reputation.

**COUNT IX**
**State Law Claim – False Imprisonment**
**(Plaintiffs LIVINGSTONE and MANNY- August 8, 2007)**

72. Plaintiffs re-allege and incorporate paragraphs 1-39 above as fully stated herein.

73. At the time plaintiff s LIVINGSTONE and MANNY were detained on August 8, 2007, DEFENDANT OFFICERS THIRY, BROWN AND POZULP knew that they

lacked reasonable grounds to believe that Plaintiff s LIVINGSTONE and MANNY committed any crime or that narcotics or any illegal contraband would be found at 3844 W. 78th Place.

74. The conduct of DEFENDANT OFFICERS THIRY, BROWN AND POZULP described above was willful and wanton.

75. As a direct and proximate result of the false imprisonment, Plaintiffs LIVINGSTONE and PEARCE suffered and continue to suffer injuries, including physical and emotional suffering and humiliation, and injury to reputation.

## COUNT X
### State Law claim: Indemnification

76. Plaintiff re-alleges and incorporates paragraphs 1-39 above as fully stated herein.

77. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

78. DEFENDANT OFFICERS are or were employees of the CITY OF CHICAGO and acted within the scope of their employment in committing the misconduct described herein.

## REQUEST FOR RELIEF

79. Plaintiffs, MICHAEL PEARCE, CAROLE LIVINGSTONE and ANNAMAY MANNY, respectfully requests that the Court:

    a. After judgment in his favor and against Defendants, CHICAGO **POLICE** OFFICERS PATRICK M. THIRY, STAR NO. 17026, JOHNNY BROWN, STAR NO. 11990, KERRY POZULP, STAR NO. 17342 and DOMINICK DORIS, STAR NO. 21202;

    b. Award compensatory damages against Defendants, CHICAGO POLICE OFFICERS PATRICK M. THIRY, STAR NO. 17026, JOHNNY **BROWN,**

13

        DOMINICK STAR NO. 11990, KERRY POZULP, STAR NO. 17342 and DORIS, STAR NO. 21202;

    c.    Award attorneys' fees against Defendants, CHICAGO POLICE OFFICERS PATRICK M. THIRY, STAR NO. 17026, JOHNNY BROWN, STAR NO. 11990, KERRY POZULP, STAR NO. 17342 and DOMINICK DORIS, STAR NO. 21202;

    d.    Award punitive damages against CHICAGO POLICE OFFICERS PATRICK M. THIRY, STAR NO. 17026, JOHNNY BROWN, STAR NO. 11990, KERRY POZULP, STAR NO. 17342 and DOMINICK DORIS, STAR NO. 21202 in their individual capacities; and

    e.    Grant any other relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiffs, MICHAEL PEARCE, CAROLE LIVINGSTONE and ANNAMAY MANNY, demand a trial by jury under the Federal Rule of Civil Procedure 38(b) on all issues so triable.

        Respectfully submitted,

        **/s/ JEFFREY J. NESLUND**
        Attorney for Plaintiffs

Law Offices of Jeffrey J. Neslund
150 North Wacker Drive
Suite 2460
Chicago, Illinois 60606
(312) 223-1100

14